Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALI ABDULLAH,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **USCB, INC.,** | ) **COLLECTION PRACTICES ACT** |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.      Plaintiff, Ali Abdullah ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, USCB, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.       In April 2009, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

7.     On or about April 5, 2009, Plaintiff sent Defendant a correspondence refusing to pay the alleged debt, as Plaintiff did not owe the alleged debt.

8.     After receiving the April 5, 2009 communication, Defendant continued to communicate with Plaintiff, including but not limited to, sending Plaintiff a collection letter dated February 7, 2011.

9.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§1692c(c)).

10.    As a result of the above violations of the FDCPA and RFDCPA Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Statutory damages;

D.      Costs and reasonable attorney's fees; and,

E.      For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

13.     Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

14.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.      Actual damages;

C.      Statutory damages for willful and negligent violations;

D.      Costs and reasonable attorney's fees,

E.      For such other and further relief as may be just and proper.

1

2

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

3

4          Respectfully submitted this 26th day of May, 2011.

5

6                            By:      /s Todd M. Friedman
                                      **Todd M. Friedman (216752)**
7                                     **Law Offices of Todd M. Friedman, P.C.**
                                      **369 S. Doheny Dr. #415**
8                                     **Beverly Hills, CA 90211**
                                      **Phone: 877 206-4741**
9                                     **Fax: 866 633-0228**
                                      **tfriedman@attorneysforconsumers.com**
10                                    **Attorney for Plaintiff**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28